VOLTERRA, J.
INTRODUCTION
This case arises from a dispute between James and Jay Cashman, two brothers each of whom is an officer, director and 50 percent owner of J.M. Cashman, Inc. (“the Company”). James Cashman has filed another lawsuit, James Cashman v. Jay Cashman (Suffolk Superior Court C.A. No. 94-3313H), alleging wrongdoing against Jay Cashman in connection with the operation of the Company and its affiliates. In this case, James Cashman, asserts that Thomas B. Blackstone (“Blackstone”) allowed or facilitated the allegedly wrongful acts of Jay Cashman.
The plaintiffs original complaint filed in this case in October, 1995, failed to name the Company as a party defendant as required by Massachusetts law. Blackstone served a Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(2), (6) and (7). The plaintiff then filed a Motion to Amend to add the Company as a defendant on January 4, 1996, which was allowed by this Court. Blackstone’s position is that the Amended Complaint should be dismissed because James Cashman’s allegations make out derivative claims and he is not permitted to present direct claims based on the facts pleaded. James Cashman admits that he has not made demands upon the Company as required by Massachusetts law.
The plaintiff also filed a cross-motion for sanctions against Blackstone, under Mass.R.Civ.P. 11(a) for filing a Motion to Dismiss the plaintiffs Amended Complaint that is frivolous and without basis in law.
*645 DISCUSSION
1. Defendant’s Motion to Dismiss Amended Complaint.
The Amended Complaint brings allegations against Blackstone which are derivative claims on behalf of the Company. Those are allegations of direct wrongs against the Company, not against the plaintiff. Each of the alleged wrongful acts involves the Company’s money, property, and records, not James Cashman’s. Any injury to James Cashman, if proven, would still constitute an indirect harm to him, thus those allegations are legally insufficient to support direct claims. The derivative action seeks, after the management has failed or refused to act, to redress a wrong to the corporation. Jackson, et al. v. Stuhlfire, 28 Mass. App. 924, 925 (1990). Accordingly, James Cashman first has to assert those claims as direct claims against the Company, not as derivative claims against Blackstone.
In Donahue v. Rodd Electrotype Co., 367 Mass. 578, 593 (1975), the Supreme Judicial Court held that a minority shareholder of a closely held corporation may maintain a personal cause of action if the majority shareholders cause the corporation to purchase a controlling shareholder’s interest without offering the same opportunity to the minority. However, James Cashman is not a minority, he owns 50 percent of the Company.
In Bessette, the plaintiffs had brought direct claims, not derivative ones, on the basis of alleged overpayment by the corporation to the majority shareholder including excessive compensation. The judge ruled that the plaintiffs could assert their claims only as a stockholder derivative action. Bessette v. Bessette, 385 Mass. 810 (1982). This case is more like Bessette, and is distinguishable from Donahue, because James Cashman is not a minority shareholder, the harm pleaded is direct harm to the Company, not to James Cashman, and his allegations are of exactly the same type which, under Bessette, must be presented derivatively.
Accordingly, based upon the foregoing reasons, Thomas B. Blackstone’s Motion to Dismiss Plaintiffs Amended Complaint, is ALLOWED.
2. Plaintiffs Cross-Motion for sanctions against defendant.
The Cross-Motion seeks Rule 11 sanctions against Blackstone based on the filing of the Motion to Dismiss. In the case at bar, Blackstone’s argument is based on the allegations pleaded in the Amended Complaint, by the plaintiffs counsel.
The Cross-Motion is frivolous and filed in bad faith because it consists of representations and arguments which are inappropriate.
Blackstone’s Motion to Dismiss the Amended Complaint has basis in fact and law, and it does not require a sanction under Rule 11.
Accordingly, based upon the foregoing reasons, it is ordered that James Cashman’s Cross-Motion for sanctions against the defendant, is DENIED.
ORDER FOR JUDGMENT
Based upon the foregoing, it is hereby ordered that Thomas B. Blackstone’s Motion to Dismiss Plaintiffs Amended Complaint is ALLOWED. Plaintiffs Cross-Motion for Sanctions against the defendant, is DENIED.